**UNITED STATES of America**

v.

**Clarence HEATLEY, et al., (Yvonne Miller), Defendants.**

**No. S3 96 CR. 515 SS.**

United States District Court, S.D. New York.

Feb. 12, 1998.

**476**

Mary Jo White, U.S. Atty., Southern District of New York, New York, NY, Sharon L. McCarthy, Andrew S. Dember, Asst. U.S. Attorneys, for U.S.

Lisa Scolari, New York, NY, for Yvonne Miller.

## MEMORANDUM OPINION AND ORDER

SOTOMAYOR, District Judge.

Defendant Yvonne Miller moves to suppress a statement made by her at the time of her arrest on the ground that the statement was elicited as a result of custodial interrogation prior to her being given *Miranda* warnings, in violation of her Fifth Amendment right against compelled self-incrimination. An evidentiary hearing was held on November 10, 1997, after which the Court reserved decision. For the reasons to be discussed, the Court denies the motion to suppress.

### BACKGROUND

The following constitutes my findings of fact following the hearing held in this matter. At about 6:00 in the morning of November 14, 1996, Federal Bureau of Investigation Agent Joseph V. Walsh, Jr. and New York Police Department Detective Karen Smith–Moore, along with a team of from seven to ten other officers, arrived at the apartment of the defendant, Yvonne Miller, for purposes of arresting her in connection with the criminal charges in this case. Upon arrival, the agents knocked on the door, and after some delay the door was opened by a teenage male. The agents asked for Miller and then stepped into the vestibule of the apartment, some of them fanning out to make secure the apartment. At least two other teenagers were in the apartment at that time.

Shortly thereafter, Miller came into the vestibule, and Agent Walsh, who was already known to Miller, told Miller that he and Detective Smith–Moore needed to speak to her and that they would like to do it in private. The two agents then escorted Miller into the back bedroom and proceeded to inform her that she was under arrest for narcotics trafficking.

Upon hearing this, Miller exclaimed, "This ain't right, Walsh, this ain't right." Agent Walsh then told her, "You knew we were coming." Miller then said, "If I had known you were coming I wouldn't be here." It is this last statement that Miller seeks to have suppressed. The agents proceeded to handcuff Miller and lead her out of the house. At no time while she was in the house did the agents advise Miller of her *Miranda* rights.

### DISCUSSION

Statements made by a person as a product of custodial interrogation are normally inadmissible unless that person has been advised of his or her *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966); *United States v. Gelzer*, 50 F.3d 1133, 1138 (2d Cir.1995). "Interrogation," however, is not limited to express questioning, but also its "functional equivalent." *Rhode Island v. Innis*, 446 U.S. 291, 300–01, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980). This includes "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* at 301, 100 S.Ct. at 1689–90. In making this assessment, the Court must consider "the totality of the circumstances of the agents' conduct." *United States v. Cota*, 953 F.2d 753, 758 (2d Cir. 1992).

■ There is no question that Miller was in custody at the time she made the statement in question and that she had not been given her *Miranda* warnings. I have found based upon the testimony of Detective Smith–Moore that Miller's statement was made in response to Agent Walsh's statement, "You knew we were coming." Walsh's statement is not an express question, howev-

er, so the question is whether the statement was one that Walsh should have known was reasonably likely to elicit an incriminating response from Miller.

Although the proper focus of this inquiry is not on Agent Walsh's *intent*, it is generally true that a statement intended to elicit an incriminating response is one which the police know is likely to do so. *See Innis*, 446 U.S. at 301 n. 7, 100 S.Ct. at 1690 n. 7. However, while this Court is skeptical of Agent Walsh's testimony that he made his remark to Miller in order to "calm her down" (Tr. at 25), neither does this Court believe that Walsh intended to elicit any incriminating statements. Rather, Miller's statement "This ain't right, Walsh" was clearly an accusation that the arrest was unfair, and Walsh's statement was, in effect, a fairly normal response to such a charge—an attempt to defend or justify his actions in making the arrest.

Walsh's intent is, however, not dispositive. Even if the police do not intend to elicit incriminating statements, the law holds them *to the duty of refraining from speech* which they should know is reasonably likely to do so. Nevertheless, this Court is persuaded that Walsh's statement was not a breach of that duty. The statement, "You knew we were coming," does not seem to invite any response. Under the facts as described at the hearing, the Court concludes that the statement was a declaratory response to Miller, not an inquisitive one.

Unlike other cases in which statements by the police were found to be interrogative, there is no suggestion in Walsh's remark that statements by Miller would be welcomed by the police or beneficial to her. *See, e.g., United States v. Montana*, 958 F.2d 516, 518–19 (2d Cir.1992) (unsolicited statement by agent that cooperation would be beneficial constitutes interrogation). Nor does the statement compel any sort of refutation. Even if one were to construe the statement "You knew we were coming" to be a comment on the strength of the charges against Miller (implying, perhaps, that there was so much evidence that she could not possibly have expected to avoid charges), such a comment does not constitute interrogation. Although it is true that cases have found that confronting a suspect with the evidence against him may, if unsolicited, constitute interrogation, *see United States v. Szymaniak*, 934 F.2d 434, 439 (2d Cir.1991) (confronting suspect with statement of accomplice "was calculated to elicit an incriminating response"), or similarly that "positing the guilt" of the suspect may also constitute interrogation, *see Innis*, 446 U.S. at 299, 100 S.Ct. at 1688; *United States v. Perez*, 948 F.Supp. 1191, 1198 (S.D.N.Y.1996) (officer's statement to suspect that "we know you are a Latin King" violates *Innis*), all of those cases have involved specific charges or specific evidence and not a general declaratory statement made in response to a defendant's statements. A specific charge is much more likely to elicit a response than the vague, general comment made by Walsh in this case.

Under the totality of the circumstances, this Court finds that the statement by Walsh was not reasonably likely to elicit an incriminating response, and therefore it is not inadmissible under *Innis*.[1] Defendant Miller's motion to suppress is therefore denied.

**SO ORDERED.**

---

1. This ruling, of course, implies nothing about whether Miller's statement should be admitted under Federal Rule of Evidence 403, a matter reserved for trial.